IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR477 |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH BRENT KEYS, | ) | PRELIMINARY ORDER |
| a/k/a/ Brent Keys, | ) | OF FORFEITURE |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 53). The Court has reviewed the record in this case and finds as follows:

1. Defendant has agreed to plead guilty to Counts I, IV and V of said Superseding Indictment. Count I charges the defendant with one count of manufacturing marijuana, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(B)(IV)(vii). Count IV charges the defendant with one count of maintaining a place for the purpose of manufacturing marijuana, in violation of 21 U.S.C. § 856(a)(1). Count V of said Superseding Indictment sought the forfeiture, pursuant to 21 U.S.C. § 853, of any and all property constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of the violation alleged in Count I and Count IV of this Superseding Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count I and Count IV of this Superseding Indictment, including but not limited to the following-described real property:

Lot One (1), Block Four (4) Sunnyside Addition to
the city of Bayard, Morrill County, Nebraska
subject to restrictions, reservations, easements,
convenants, oil, gas, or other mineral rights of
record , if any.

2. By virtue of said plea of guilty, the defendant forfeits his interest in the subject

property, and the United States should be entitled to possession of said property, pursuant to

21 U.S.C. § 853.

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture

should be sustained.  Accordingly,

IT IS ORDERED:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture is

hereby sustained.

B.  Based upon Count V of the Superseding Indictment and the defendant's plea of

guilty, the United States is hereby authorized to seize Lot One (1), Block Four (4) Sunnyside

Addition to the city of Bayard, Morrill County, Nebraska subject to restrictions, reservations,

easements, convenants, oil, gas, or other mineral rights of record , if any.

C.  Defendant's interest in said property is hereby forfeited to the United States for

disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited property is to be held by the United States in its

secure custody and control.

E.  Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for

at least thirty consecutive days on an official Government internet site (www.forfeiture.gov)

notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the

property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the subject forfeited property must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 20th day of November, 2009.

BY THE COURT:

/s/ Lyle E. Strom

LYLE E. STROM, Senior Judge
United States District Court